IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

A & B DISTRIBUTING, INC.,

      Plaintiff,      OPINION AND ORDER

v.

                   18-cv-938-wmc

HEGGIE'S PIZZA, LLC,

      Defendant.

This case is set for a jury trial, commencing January 13, 2020. In advance of the final pretrial conference scheduled for December 17, 2019, the court issues the following opinion and order on the parties' respective motions *in limine* ("MILs").

## OPINION

### I. Plaintiff's Motion *in Limine*

Plaintiff seeks to exclude defendant from offering an April 10, 2014, report of A&B's value prepared by Murray & Roberts CPA Firm, S.C., and expert testimony on the loss of business value because plaintiff contends that it is not seeking damages based on loss of business value, but is instead pursuing a lost profits theory. (Dkt. #50.)

In addition to arguing that plaintiff should be excluded from presenting further lost profits in its own MIL No. 4 addressed below, defendant argues that plaintiff has failed to provide any support for its argument that plaintiff's plan to pursue a lost profits damages claim provides a basis for excluding defendant from arguing for a damages award based on loss of business value. Indeed, as defendant points out, the only case plaintiff cites in support, allowed presentation of both lost profits and loss of business value to the jury for

its determination of what type of damages should be award. *See C. A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1053 (5th Cir. 1981). Moreover, defendant argues that the 2014 valuation is relevant because it was produced for the purpose of "retirement planning" and undercuts any testimony by plaintiff's owner Vucicevic that he would have worked for an additional 10 years.

The court agrees with defendant that this evidence is material to challenging Vucicevic's possible testimony and is also relevant to defendant's position that the jury should award damages based on a loss of business value, rather than lost profits. As such, this motion is DENIED.

## II. Defendant's Motions in *Limine*

### A. MIL No. 1: preclude evidence outside of statute of limitation (dkt. #56)

Defendant seeks an order precluding plaintiff from offering evidence or arguing that "Heggie's impermissibly changed the terms of the dealership in or around 2014 to 2015 by encroaching on A&B's supposed territory." (Def.'s Br. (dkt. #56) 2.) Defendants contends that this evidence is not relevant because plaintiff's only claim is that it was improperly terminated on August 17, 2018. Regardless, defendant argues this evidence falls outside of the applicable statute of limitations.

As an initial matter, the court agrees with defendant that plaintiff cannot pursue a claim that defendant impermissibly changed the terms of the dealership agreement in 2014 or 2015, both because it is time barred and not alleged. Nor may it argue that this change was in any way "impermissible," since plaintiff failed to object timely. However, that does

2

not mean the evidence has *no* relevance.  In particular, as plaintiff explains in its opposition, it intends to argue as part of its claim that defendant lacked good cause for the termination, because the reasons for the termination were pretext for defendant's long-term plan to take over A&B's territory with its own in-house distribution system.  Accordingly, this motion is GRANTED IN PART AND DENIED IN PART.  The evidence that Heggie's began encroaching on A&B's territory in 2014 and 2015 is admissible, though plaintiff may not argue that such actions breached the parties' dealership agreement or were otherwise legally impermissible.

### B. MIL No. 2: exclude evidence of defendant's insurance (dkt. #57)

Defendant seeks to exclude evidence of insurance coverage, citing Federal Rule of Evidence 411 for support.  Plaintiff does not oppose this motion.  As such, it is GRANTED as unopposed.

### C. MIL No. 3: exclude testimony or evidence regarding Heggie's size or financial wherewithal (dkt. #58)

Next, defendant seeks to exclude any evidence or reference to the "size or financial wherewithal" of Heggie's, arguing that this evidence is not relevant and may unfairly appeal to the sympathy of jurors, in violation of Federal Rules of Evidence 401 and 403.

Plaintiff does not oppose this motion generally, but contends that it should be able to introduce evidence of "what percentage of sales A&B made of Heggie's pizzas as compared to all sales of Heggie's pizzas in any given year." (Pl.'s Opp'n (dkt. #74) 3.) More specifically, plaintiff argues that this evidence is relevant to show that Heggie's

purported reasons for terminating the dealership were not the real reasons, but rather Heggie's was motivated by wanting to replace A&B's dealership with its own personnel. Unfortunately, plaintiff does not elaborate further as to *how* A&B's relative sales to Heggie's overall pizza sales has any bearing on its motivation in terminating A&B's dealership. Accordingly, the court will RESERVE on this motion pending plaintiff's *specific* proffer and the parties' additional argument at the final pretrial conference. In particular, plaintiff should be prepared to explain exactly what evidence it seeks to introduce at trial that would fall within the scope of this motion *in limine and* why it bears on Heggie's motivation to terminate A&B.

### D. MIL No. 4: preclude evidence or testimony of lost future profits

Related to plaintiff's own motion *in limine*, defendant seeks to exclude plaintiff's future lost profits damages evidence of over $1 million on the basis that: (1)A&B's owner Al Vucicevic is not qualified to act as an expert on damages and plaintiff failed to disclose an expert; and (2) plaintiff's claim to lost profits is "also overstated, unsupported, speculative an unreliable." (Def.'s Mot. (dkt. #59) 1.) In support of the first argument, defendant contends that expert testimony is required to establish future lost profits, directing the court to *Renschler Co. v. MSA Prof'l Servs, Inc.*, 2013 WI App 84, ¶ 28, 348 Wis. 2d 763, 833 N.W.2d 873 (unpublished).[1] As plaintiff points out in its opposition brief, this case concerned a claim to future lost profits for a new business, with *no* profit history. *Id.* at ¶ 27 ("Where a new business has no previous profit history . . . the party

---
[1] Wis. Stat. § 809.23 prohibition of citing unpublished opinion does not apply to this court, but is a consideration as to how much weight it should be given.

seeking lost profits must present credible comparable evidence or business history and business experience sufficient to allow a fact finding to reasonable ascertain future lost profits."). As such, it is readily distinguishable from this case. A&B has been operating and selling Heggie's pizza for approximately 14 years before the dealership agreement was terminated. A&B's profits during this period of time falls well within Vucicevic's personal knowledge and is also appropriately characterized as fact testimony. Moreover, Vucicevic as the "owner of an established business with a documented history of profits may testify to his expectation of continued or expanded profits when that opinion is based on his knowledge and participation in the day-to-day affairs of his business." *Von der Ruhr v. Immtech Int'l, Inc.*, 570 F.3d 858, 862 (7th Cir. 2009) (internal citation, quotation marks and alteration omitted); *see also* Fed. R. Evid. 701 (allowing lay testimony in the form of opinion and inferences subject to certain limitations). Having said that, the court agrees with defendant that plaintiff may not introduce expert testimony at trial given that it disclosed none under Rule 26, nor may Vucicevic's testimony cross over into expert terrain, though plaintiff represents that it has no intent to do either.[2]

As for defendant's second, more hyperbolic objection to plaintiff's *method* of calculating lost profits, it boils down to an argument that plaintiff failed to account for all of its expenses in relying on historical profits to project future lost profits. However, all of this is proper fodder for cross-examination, not a basis for excluding evidence or testimony on plaintiff's claim for lost profits. Accordingly, this motion is DENIED, with the caveat

---

[2] Defendant also alludes to Vucicevic's lacking expertise to explain his own business records, but that argument is even more baseless as it falls squarely under Rule 701.

that plaintiff may not offer expert testimony in support of its damages claim.

### E. MIL No. 5: preclude A&B from seeking emotional distress damages (dkt. #60)

In this motion, defendant seeks an order precluding Vucicevic from seeking damages for emotional distress, on the basis that only A&B asserted a claim for violation of the WFDL. Plaintiff does not oppose this motion. As such, it is GRANTED as unopposed.

### F. MIL No. 6: preclude A&B from claiming Al Vucicevic's salary as damages (dkt. #61)

Defendant seeks to exclude plaintiff from seeking the $20,000 it paid Vucicevic as a salary each year according to A&B's tax returns as part of its lost profits damages theory on the grounds that this salary is an expense of the corporate plaintiff and, therefore, "not in the bucket of damages available to A&B." (Def.'s Mot. (dkt. #61) 2.) In response, plaintiff acknowledges that Vucicevic's salary is one of A&B's expenses, but given the nature of the business -- namely, that Vucicevic is the sole employee and owner -- "A&B's profits and Mr. Vucicevic's salary go hand and hand." (Pl.'s Opp'n (dkt. #74) 6.) Plaintiff contends that defendant is free to argue that the jury should not count his salary as profit in determining damages, but that this evidence or plaintiff's argument to the contrary should not be excluded. The court is inclined to agree with plaintiff, but urges *both* sides to provide the court with any applicable case law on this subject in a case involving a small, closely-held LLC and will address this motion further at the final pretrial conference. As such, this motion is RESERVED.

6

### G. MIL No. 7: prevent "Golden Rule" arguments (dkt. #62)

Next, defendant seeks an order precluding any "Golden Rule" arguments (e.g., asking the jury to put themselves in plaintiff's position). Plaintiff does not oppose this motion. As such, it is GRANTED as unopposed. Of course, this motion is also unnecessary, as the court will preclude both sides from making any "Golden Rule" argument or from violating any other straightforward prohibition under the Federal Rules of Evidence.

### H. MIL No. 8: preclude A&B from presenting argument or evidence that Heggie's disputed A&B's distributorship statue (dkt. #63)

In this motion, defendant essentially seeks an order precluding plaintiff from presenting any evidence, testimony or argument that defendant disputed A&B's dealership status, in light of the court's finding at summary judgment that A&B is a distributor under the WFDL. Defendant contends that such evidence is either not relevant to any jury determination or would be unduly prejudicial. In addition, since defendant concedes that it terminated A&B within the meaning of the WFDL and will have the burden to show "good cause" for doing so, it should be allowed to present its case-in-chief first.

As to the substance of the motion, plaintiff does not oppose it *provided* plaintiff is not limited from offering evidence "as to conversations that took place prior to the date of termination." (Pl's Opp'n (dkt. #74) 7.) The court generally agrees with defendant's argument that plaintiff should be precluded from defendant's past dispute as to the applicability of the WFDL to this action, and since it is unopposed, the court will grant this portion of the motion. Less clear, however, is whether or how past conversations that

may touch on defendant's position that the WDFL did not apply will be introduced at trial. As such, this motion is GRANTED IN PART AND RESERVED IN PART, pending further discussion at the final pretrial conference.

As to defendant's concession that it terminated A&B, plaintiff questions whether defendant's motion is conceding that it terminated the dealership *during the August 17, 2018, telephone call*, and, in turn, violated the notice provision of the WFDL. Certainly, these questions have a bearing as to the best way to structure the trial, including whether this means that defendant should present its liability case-in-chief first. However, the court does not view defendant's motion as conceding that the dealership was terminated during that call or any time before its written notice on September 6, 2018. Regardless, the court will discuss these issues with the parties at the final pretrial conference.

**I. MIL No. 9: preclude A&B from seeking damages beyond 90 days if the jury finds there was "good cause" to terminate (dkt. #64)**

In this motion, defendant seeks to exclude any claim for damages beyond the 90-day notice period if the jury finds that defendant had good cause to terminate as set forth in its September 6 letter, even if the dealership was actually terminated during the earlier August 17, 2018, telephone call. In support, defendant cites to *Moodie v. School Book Fairs*, 889 F.2d 739 (7th Cir. 1989), in which the Seventh Circuit held that where the notice was deficient but the defendant established good cause for termination, the plaintiff is limited to damages sustained during the 90-day period, absent a finding that the plaintiff would have cured the defect. *Id*. at 746; *see also The Wisconsin Compressed Air Corp. v. Gardner Denver, Inc*., 571 F. Supp. 2d 992, 1004 (W.D. Wis. 2008) ("As for damages, plaintiff is

8

entitled to 'damages sustained [by it] as a consequence of the grantor's violation' of § 135.04 by failing to provide 90 days' written notice. Wis. Stat. § 135.06. 'To determine the damages sustained, it is necessary for the court to predict the profits that [plaintiff] would have sustained without the violation.' *Moodie*, 889 F.2d at 746.").

In response, plaintiff argues that if the jury finds that it was already terminated during the August 17 call, then there was nothing to cure by September 6, and its damages should not be limited to the 90-day period. While true, the argument misses at least part of the point of defendant's motion. The subsequent September 6, 2018, letter provided notice of right to cure and listed steps that plaintiff would have to take. Plaintiff is free to argue that these steps were not reasonable or proportionate in response to defendant's assertion of good cause to terminate, or to prove that it could have cured, but if the jury concludes that defendant had good cause, then *Moodie* limited plaintiff's damages to a 90-day period *unless* plaintiff could and would have cured.

In other words, consistent with the attached, proposed special verdict form, there are four possible outcomes from the liability verdict:

1) If the jury answers "yes" to the inadequate notice question and "yes" to the good cause question, then plaintiff's damages are limited to a 90-day period unless plaintiff could and would have cured.

2) If the jury answers "yes" to the inadequate notice question and "no" to the good cause question, then plaintiff may pursue its full damages claim.

3) If the jury answers "no" to the inadequate notice question and "yes" to the good cause question, then there is no damages phase of trial.

4) If the jury answers "no" to inadequate notice question and "no" to the good cause question, then plaintiff may pursue its full damages claim.

Defendant also argues that Vucicevic conceded at his deposition that A&B could

9

not have cured. (Def.'s Br. (dkt. #63) 2.) But Vucicevic merely testified that A&B did *not* cure, having already been wrongfully terminated. (Vucicevic Dep. (dkt. #27) 175-77.) Plaintiff could still present evidence, if it exists, and argue that it *could and would have* cured. Accordingly, defendant's motion is GRANTED IN PART AND DENIED IN PART. The court's ruling will also be reflected in proposed damages instructions and damages verdict form.

ORDER

IT IS ORDERED that:

1) Plaintiff A & B Distributing, Inc.'s motion in limine (dkt. #50) is DENIED.

2) Defendant Heggie's Pizza, LLC's motions in limine (dkt. #55) are GRANTED IN PART, DENIED IN PART AND RESERVED IN PART as set forth above.

Entered this 16th day of December, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge